In re:                                                                    Case No. 18-02118-RNO
McKinley Arrick                                                            Chapter 13
Carolnette G. Arrick
        Debtors

## CERTIFICATE OF NOTICE

District/off: 0314-5          User: REshelman          Page 1 of 3          Date Rcvd: Aug 15, 2018
                             Form ID: pdf002           Total Noticed: 75

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 17, 2018.
```
db/jdb        McKinley Arrick,   Carolnette G. Arrick,   2534 Allegheny Drive,   Blakeslee, PA  18610-2303
5063510       +AMERICAN EXPRESS,   PO BOX 981537,   EL PASO, TX 79998-1537
5063511        APOTHAKER & ASSOCIATES,   520 FELLOWSHIP RD C306,   EASTON, PA
5063513       +BERKHEIMER TAX ADMINISTRATION,   50 NORTH SEVENTH STREET,   BANGOR, PA 18013-1795
5063517       +CONCORDVILLE FIRE & PROTECT,   C/O DEL-SER INC,   PO BOX 329,   WILLOW STREET, PA 17584-0329
5063521       +ENGLEWOOD HOSPITAL & MEDICAL CENTER,   350 ENGLE STREET,   ENGLEWOOD, NJ 07631-1898
5063522       +ERIN CAPITAL MANAGEMENT,   140 BROADWAY,   NEW YORK, NY 10005-1108
5082680        Emergency Care Services of PA, PC,   PO Box 1123,   Minneapolis, MN 55440-1123
5088781       +Englewood Hospital,   CCCB,   PO Box 1750,   Whitehouse Sta, NJ 08889-1750
5063523       +FIRST PREMIER BANK,   PO BOX 5524,   SIOUX FALLS, SD 57117-5524
5063525       +HSBC,   ATTN CML CUSTOMER RESOLUTION DEPT,   1421 W SHUR DRIVE SUITE 100,
                ARLINGTON HEIGHTS, IL 60004-7818
5063527       +HSBC,   C/O WOOD LAW PC,   PO BOX 1187,   SANDY, UT 84091-1187
5063530       +HSBC BANK,   PO BOX 9,   BUFFALO, NY 14240-0009
5063531       +HSBC CARD SERVICES,   12447 SW 69TH AVENUE,   TIGARD, OR 97223-8517
5063533       +JAMES MUIRHEAD,   10 MAIN ST STE 430,   HACKENSACK, NJ 07601-7042
5063538        MPW CONSTRUCTION,   132 MEADOW DRIVE,   132 MEADOW DR,   EFFORT, PA 18330-7727
5063540       +NORTHWOOD URGENT CARE/STAR MRI,   C/O PFEIFFER BRUNO,   PO BOX 468,   EASTON, PA 18044-0468
5069171        New York State Department of Taxation & Finan,   Bankruptcy Section,   P O Box 5300,
                Albany, NY 12205-0300
5063543       +PHFA-HEMAP,   PO BOX 2461,   HARRISBURG, PA 17105-2461
5063545       +PNC BANK NA,   PO BOX 94982,   CLEVELAND, OH 44101-4982
5063546       +POCONO MEDICAL CENTER,   C/O TRANS CONTINENTAL CREDIT & COLL,   44 SOUTH BROADWAY SUITE 401,
                WHITE PLAINS, NY 10601-4436
5063548       +POCONO MEDICAL CENTER,   206 EAST BROWN STREET,   EAST STROUDSBURG, PA 18301-3094
5063549        POCONO MT REGIONAL EMS,   PO BOX 207,   ALLENTOWN, PA 18105-0207
5063550       +POCONO MT REGIONAL EMS,   C/O FLEXIBLE FINANCIAL CORP,   517 MILL STREET,
                PECKVILLE, PA 18452-2413
5063551       +POINT VIEW RADIOLOGY,   C/O EASTERN ACCOUNT SYS I,   76 GLEN RD STE 110,
                SANDY HOOK, CT 06482-1124
5063552        PPL ELECTRIC UTILITIES,   827 HOUSMAN ROAD,   ALLENTOWN, PA 18104-9392
5063553       +PUBLIC SERVICE ELECTRIC & GAS,   C/O MERCHANTS CREDIT GUIDE CO,   223 W JACKSON BLVD,
                CHICAGO, IL 60606-6908
5063554       +SEARS/CBNA,   PO BOX 6282,   SIOUX FALLS, SD 57117-6282
5063556       +SIERRA VIEW ASSOCIATION,   PO BOX 349,   EFFORT, PA 18330-0349
5063557       +ST JOSEPHS REGIONAL,   C/O HOSPITALS RECEIVABLES SYSTEMS,   1598 BELLMORE AVENUE,
                BELLMORE, NY 11710-5529
5063558       +ST JOSEPHS UNIVERSITY MEDICAL CTR,   703 MAIN STREET,   PATERSON, NJ 07503-2621
5063559       +STAR CASH,   PO BOX 111,   MIAMI, OK 74355-0111
5063560        STATE OF NJ DEPT LABOR &,   WORKFORCE DEVELOPMENT,   PO BOX 951,   TRENTON, NJ 08625-0951
5063561       +TD BANK/TARGET,   C/O WEINSTEIN PINSON & RILEY,   2001 WESTERN AVE STE 400,
                SEATTLE, WA 98121-3132
5063562       +TD BANK/TARGET CREDIT,   PO BOX 673,   MINNEAPOLIS, MN 55440-0673
5063563       +TEK-COLLECT,   871 PARK STREET,   COLUMBUS, OH 43215-1441
5063564       +THE BANK OF MISSOURI/MILSTNE,   PO BOX 4499,   BEAVERTON, OR 97076-4499
5063566        TRI STATE FINANCIAL INC,   PO BOX 29352,   PHOENIX, AZ 85038-9352
5063567       +TULPEHOCKEN SPRING WATER,   C/O ADVANCED COLLECTION SOLUTIONS,   PO BOX 7103,
                LEWISTON, ME 04243-7103
5063568       +VACATION CHARTER/CONCORD,   6560 SCOTTSDALE ROAD F105,   SCOTTSDALE, AZ 85253-4412
5063569       +VACATION CHARTERS LTD,   PO BOX 647,   LAKE HARMONY, PA 18624-0647
5063570       +VALLEY HOSPITAL,   C/O CELENTANO STAUDTMAUR,   PO BOXX 2594,   CLIFTON, NJ 07015-2594
5063571        WEST END COMMUNITY AMBULANCE,   C/O COMMERCIAL ACCEPTANCE CO,   SHIREMANSTOWN, PA 17011
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
5063512       +E-mail/Text: g20956@att.com Aug 15 2018 19:35:55      AT&T MOBILITY,   C/O AT&T SERVICES INC,
                ONE AT&T WAY ROOM 3A104,   BEDMINSTER, NJ 07921-2693
5086957        E-mail/PDF: resurgentbknotifications@resurgent.com Aug 15 2018 19:36:34
                Ashley Funding Services, LLC its successors and,   assigns as assignee of Laboratory,
                Corporation of America Holdings,   Resurgent Capital Services,   PO Box 10587,
                Greenville, SC 29603-0587
5063539       +E-mail/Text: bankruptcy@bbandt.com Aug 15 2018 19:35:14      BB&T Corporation,
                200 West Second Street,   Winston-Salem, NC 27101-4049
5063514       +E-mail/Text: bankruptcy@usecapital.com Aug 15 2018 19:36:09      BRIAN STRAKA DDS,
                C/O CAPITAL ACCOUNTS,   2120 CESTMOOR RD STE 3001,   NASHVILLE, TN 37215-2613
5063515        E-mail/Text: bankruptcy@fncbinc.com Aug 15 2018 19:34:27      CAPITAL ONE,
                C/O FIRST NATIONAL COLLECTION BUR,   50 W LIBERTY ST  STE 250,   RENO, NV 89501-1973
5063516        E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Aug 15 2018 19:35:19      COMENITY BANK,
                BANKRUPTCY DEPT,   PO BOX 182125,   COLUMBUS, OH 43218-2125
5063518        E-mail/PDF: creditoneblknotifications@resurgent.com Aug 15 2018 19:36:31      CREDIT ONE BANK,
                PO BOX 98873,   LAS VEGAS, NV 89193-8873
5063519        E-mail/Text: legal@arsnational.com Aug 15 2018 19:35:16      CREDIT ONE/LVNV,
                C/O ASSOCIATED RECOVERY SYSTEMS,   PO BOX 469046,   ESCONDIDO, CA 92046-9046
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center (continued)

```
5063520          +E-mail/Text: bankruptcy_notifications@ccsusa.com Aug 15 2018 19:35:59       DIANON SYSTEMS,
                  C/O CREDIT COLLECTION SERVICES,   725 CANTON STREET,   NORWOOD, MA 02062-2679
5063524           E-mail/Text: GenesisFS@ebn.phinsolutions.com Aug 15 2018 19:36:06       GENESIS FS CARD SERVICES,
                  PO BOX 4485,    BEAVERTON, OR 97076-4485
5063529          +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Aug 15 2018 19:36:30       HSBC,
                  C/O PORTFOLIO RECOVERY ASSOC,   PO BOX 41067,   NORFOLK, VA 23541-1067
5063528          +E-mail/Text: bankruptcydpt@mcmcg.com Aug 15 2018 19:35:30       HSBC,  C/O MIDLAND FUNDING,
                  8875 AERO DRIVE STE 200,   SAN DIEGO, CA 92123-2255
5063526          +E-mail/Text: bankruptcydpt@mcmcg.com Aug 15 2018 19:35:30       HSBC,  C/O MIDLAND CREDIT MGMT,
                  8875 AERO DR STE 200,   SAN DIEGO, CA 92123-2255
5063532           E-mail/Text: cio.bncmail@irs.gov Aug 15 2018 19:35:13       IRS,  CENTRALIZED INSOLVENCY OP,
                  PO BOX 7346,   PHILADELPHIA, PA 19101-7346
5063537           E-mail/Text: JCAP_BNC_Notices@jcap.com Aug 15 2018 19:35:43       MAJESTIC CARD,
                  C/O JEFFERSON CAPITAL SYSTEMS,   PO BOX 7999,   SAINT CLOUD, MN 56302
5063534          +E-mail/Text: BKRMailOPS@weltman.com Aug 15 2018 19:35:17       KAY JEWELERS,   375 GHENT ROAD,
                  FAIRLAWN, OH 44333-4600
5063535          +E-mail/Text: bkrpt@retrievalmasters.com Aug 15 2018 19:35:29       LAB CORP,   C/O AMCA,
                  4 WESTCHESTER PLAZA STE 110,   ELMSFORD, NY 10523-1615
5063536          +E-mail/Text: BANKRUPTCY@ASSETACCEPTANCE.com Aug 15 2018 19:35:27       LANE BRYANT,
                  C/O ASSET ACCEPTANCE,   PO BOX 2036,   WARREN, MI 48090-2036
5084755           E-mail/PDF: resurgentbknotifications@resurgent.com Aug 15 2018 19:36:50
                  LVNV Funding, LLC its successors and assigns as,   assignee of FNBM, LLC,
                  Resurgent Capital Services,   PO Box 10587,   Greenville, SC 29603-0587
5086956           E-mail/PDF: resurgentbknotifications@resurgent.com Aug 15 2018 19:36:32
                  LVNV Funding, LLC its successors and assigns as,   assignee of MHC Receivables, LLC and,
                  FNBM, LLC,   Resurgent Capital Services,   PO Box 10587,   Greenville, SC 29603-0587
5084456           E-mail/PDF: resurgentbknotifications@resurgent.com Aug 15 2018 19:36:48
                  LVNV Funding, LLC its successors and assigns as,   assignee of Arrow Financial Services,,
                  LLC,   Resurgent Capital Services,   PO Box 10587,   Greenville, SC 29603-0587
5084719           E-mail/PDF: resurgentbknotifications@resurgent.com Aug 15 2018 19:36:50
                  LVNV Funding, LLC its successors and assigns as,   assignee of North Star Capital,
                  Acquisition LLC,   Resurgent Capital Services,   PO Box 10587,   Greenville, SC 29603-0587
5063541           E-mail/Text: RVSVCBICNOTICE1@state.pa.us Aug 15 2018 19:35:26       PA DEPT OF REVENUE,
                  BUREAU OF COMPLIANCE,   PO BOX 280946,   HARRISBURG, PA 17128-0946
5063542          +E-mail/Text: blegal@phfa.org Aug 15 2018 19:35:34       PA HOUSING FINANCE AGENCY,
                  211 N FRONT STREET,   HARRISBURG, PA 17101-1406
5063544          +E-mail/Text: bankruptcypgl@plaingreenloans.com Aug 15 2018 19:35:50       PLAIN GREEN LOANS,
                  PO BOX 270,   BOX ELDER, MT 59521-0270
5063547          +E-mail/Text: Bankruptcies@nragroup.com Aug 15 2018 19:36:04       POCONO MEDICAL CENTER,
                  C/O NATIONAL RECOVERY AGENCY,   2491 PAXTON STREET,   HARRISBURG, PA 17111-1036
5064965           E-mail/Text: RVSVCBICNOTICE1@state.pa.us Aug 15 2018 19:35:26
                  Pennsylvania Department of Revenue,   Bankruptcy Division PO Box 280946,
                  Harrisburg, PA  17128-0946
5087364          +E-mail/Text: JCAP_BNC_Notices@jcap.com Aug 15 2018 19:35:43       Premier Bankcard, LLC,
                  Jefferson Capital Systems LLC Assignee,   Po Box 7999,   Saint Cloud Mn 56302-7999
5083182           E-mail/Text: bnc-quantum@quantum3group.com Aug 15 2018 19:35:21
                  Quantum3 Group LLC as agent for,   GPCC I LLC,   PO Box 788,   Kirkland, WA  98083-0788
5086015           E-mail/Text: bnc-quantum@quantum3group.com Aug 15 2018 19:35:20
                  Quantum3 Group LLC as agent for,   Comenity Bank,   PO Box 788,   Kirkland, WA  98083-0788
5063555          +E-mail/Text: jennifer.chacon@spservicing.com Aug 15 2018 19:36:05
                  SELECT PORTFOLIO SERVICING INC,   ATTN BANKRUPTCY DEPT,   PO BOX 65250,
                  SALT LAKE CITY, UT 84165-0250
5063565          +E-mail/Text: bankruptcydepartment@tsico.com Aug 15 2018 19:35:58       TRANSWORLD SYSTEMS INC,
                  507 PRUDENTIAL ROAD,   HORSHAM, PA 19044-2308
                                                                                          TOTAL: 32
```

```
              ***** BYPASSED RECIPIENTS *****
NONE.                                                                            TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 17, 2018                               Signature:   /s/Joseph Speetjens

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 15, 2018 at the address(es) listed below:

        Charles J DeHart, III (Trustee)   dehartstaff@pamd13trustee.com,   TWecf@pamd13trustee.com
        United States Trustee   ustpregion03.ha.ecf@usdoj.gov
        Vincent  Rubino   on behalf of Debtor 1 McKinley  Arrick
        epotito@newmanwilliams.com;lhochmuth@newmanwilliams.com;mdaniels@newmanwilliams.com;bsmale@newman
        williams.com;eapotito@hotmail.com;lbeaton@newmanwilliams.com
        Vincent  Rubino   on behalf of Debtor 2 Carolnette G. Arrick
        epotito@newmanwilliams.com;lhochmuth@newmanwilliams.com;mdaniels@newmanwilliams.com;bsmale@newman
        williams.com;eapotito@hotmail.com;lbeaton@newmanwilliams.com

                                             TOTAL: 4

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | CHAPTER 13 |
| McKINLEY ARRICK,<br>aka McKINLEY ARRICK, SR., and<br>CAROLNETTE G. ARRICK,<br>aka CAROLNETTE GENEVA ARRICK,<br>aka CAROLNETTE ARRICK, | CASE NO. **5:18-02118**<br><br> _X_ ORIGINAL PLAN<br>___ AMENDED PLAN (Indicate 1st , 2nd , 3rd<br> , etc.) |
| | _1_ Number of Motions to Avoid Liens |
| Debtors | _1_ Number of Motions to Value Collateral |

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☑ Included | ☐ Not Included |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☑ Included | ☐ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ Included | ☑ Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1. **PLAN FUNDING AND LENGTH OF PLAN.**

   A. **Plan Payments From Future Income**

   1. To date, the Debtor paid **$0.00** (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $_____, plus other payments and property stated in § 1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 06/2018 | 11/2020 | $ 600.00 | N/A | $ 600.00 | $18,000.00 |
| 12/2020 | 05/2023 | $1,445.00 | N/A | $1,445.00 | $43,350.00 |
| | | | | | |
| | | | | Total Payments: | $61,350.00 |

      2.   If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

      3.   Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

      4.   CHECK ONE:  ( X ) Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

                    ( ) Debtor is over median income.  Debtor calculates that a minimum of  $_____ must be paid to unsecured, non-priority creditors in order to comply with the Means Test.

**B.  Additional Plan Funding From <u>Liquidation of Assets/Other</u>**

      1.   The Debtor estimates that the liquidation value of this estate is $**<u>unknown</u>**. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

_____   No assets will be liquidated. *If this line is checked, the rest of § 1.B need not be completed or reproduced.*

 X    Certain assets will be liquidated as follows:

      2.   In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $_____ from the sale of property known and designated as _____. All sales shall be completed by _____, 20____. If the property does not sell by the date specified, then the disposition of the property shall be as follows: _____.

2

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: _____

## 2. SECURED CLAIMS.

### A. <u>Pre-Confirmation Distributions</u>. *Check one.*

 X  None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

___ Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
|  |  |  |

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Bankr. Rule 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

### B. <u>Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor</u>. *Check one.*

___ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

 X  Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| **Select Portfolio Servicing, Inc.** | **1st Mortgage secured by Debtors' residence.** | **3157** |

3

**C.** **Arrears, including, but not limited to, claims secured by Debtor's principal residence.**
*Check one.*

____ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

__X__ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed proof of claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| Select Portfolio Servicing, Inc. | 1st Mortgage secured by Debtors' residence. | $43,380.22 | $700.00 | $44,080.22 |
| Sierra View Association | Association Dues on Debtors' residence. | $ 3,145.00 | $0.00 | $ 3,145.00 |

**D.** **Other secured claims (conduit payments, claims for which a § 506 valuation is not applicable, etc.)**

__X__ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

____ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below. If the claimant included a different interest rate or amount for present value interest in its proof of claim, the court will determine the present value interest rate and amount at the confirmation hearing.

4

Case 5:18-bk-02118-RNO   Doc 8   Filed 05/21/18   Entered 05/21/18 12:28:20   Desc
Main Document      Page 4 of 11
Case 5:18-bk-02118-RNO   Doc 31   Filed 08/17/18   Entered 08/18/18 00:43:34   Desc
Imaged Certificate of Notice    Page 7 of 14

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| | | | | |

**E. Secured claims for which a § 506 valuation is applicable.** *Check one.*

___ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

_X_ Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until entry of discharge. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Modified Principal Balance | Interest Rate | Total Payment | Plan or Adversary Action |
|---|---|---|---|---|---|
| PA Housing Finance Agency | 2nd Mortgage secured by Debtors' residence. | No Value | N/A | Zero | Plan |

**F. Surrender of Collateral.** *Check one.*

___ None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

_X_ The Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor requests that upon confirmation of this plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below..

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| Vacation Charter/Concord | Timeshare: Lake Harmony |

5

G. **Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

  X     None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

        The Debtor moves to avoid the following judicial and/or nonpossessory, non-purchase money liens of the following creditors pursuant to § 522(f) (this § should not be used for statutory or consensual liens such as mortgages).

| | | |
|---|---|---|
| The name of the holder of the lien. | | |
| A description of the lien. For a judicial lien, include court and docket number. | | |
| A description of the liened property. | | |
| The value of the liened property. | | |
| The sum of senior liens. | | |
| The value of any exemption claimed. | | |
| The amount of the lien. | | |
| The amount of lien avoided. | | |

3. **PRIORITY CLAIMS.**

    A. **Administrative Claims**

        1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

        2. <u>Attorney's fees</u>. Complete only one of the following options:

            a. In addition to the retainer of **$ 0.00** already paid by the Debtor, the amount of **$4,000.00** in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

            b. $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

        3. <u>Other</u>. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*

            ____ None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

<u>  X  </u>    The following administrative claims will be paid in full.

| Name of Creditor | Estimated Total Payment |
|---|---|
| IRS | $2,854.70 |
| PA Dept. of Revenue | $  690.17 |

**B.** **Priority Claims (including, but not limited to, Domestic Support Obligations other than those treated in § 3.C below).** *Check one of the following two lines.*

<u>  X  </u>    None. *If "None" is checked, the rest of § 3.B need not be completed or reproduced.*

____    Allowed unsecured claims, including domestic support obligations, entitled to priority under § 1322(a) will be paid in full unless modified under § 10.

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |

**C.** **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*

<u>  X  </u>    None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

____    The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. *This plan provision requires that payments in § 1.A. be for a term of 60 months (see 11 U.S.C. §1322(a)(4)).*

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |

4. **UNSECURED CLAIMS**

   **A.** **Claims of Unsecured Nonpriority Creditors Specially Classified.** *Check one of the following two lines.*

   <u>  X  </u>    None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

   ____    To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other, unclassified, unsecured claims. The claim shall be paid interest at the rate stated below. If no rate is stated, the interest rate set forth in the proof of claim shall apply.

| Name of Creditor | Reason for Special Classification | Estimated Amount of Claim | Interest Rate | Estimated Total Payment |
|---|---|---|---|---|
|  |  |  |  |  |

7

B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

  X   None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

      The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan) or rejected:

| Name of Creditor | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume or Reject |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

6. **VESTING OF PROPERTY OF THE ESTATE.**

**Property of the estate will vest in the Debtor upon**

*Check the applicable line:*
  \_\_\_  plan confirmation.
  \_\_\_  entry of discharge.
  X  closing of case:

7. **DISCHARGE: (Check one)**

(X)      The debtor will seek a discharge pursuant to § 1328(a).
( )      The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

8

Case 5:18-bk-02118-RNO   Doc 8   Filed 05/21/18   Entered 05/21/18 12:28:20   Desc
Main Document    Page 8 of 11
Case 5:18-bk-02118-RNO   Doc 31   Filed 08/17/18   Entered 08/18/18 00:43:34   Desc
Imaged Certificate of Notice   Page 11 of 14

## 8. ORDER OF DISTRIBUTION:

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:

| Level 1 | Adequate protection payments | $ -0- | |
|---------|------------------------------|-------|---|
| Level 2 | Debtor's attorney's fees. | $ 4,000.00 | |
| Level 3 | Domestic Support Obligations | $ -0- | |
| Level 4 | Priority claims, pro rata | $ 3,544.87 | |
| Level 5 | Secured claims, pro rata | $47,225.22 | |
| Level 6 | Specially classified unsecured claims | $ -0- | |
| Level 7 | General unsecured claims | $ 1,002.64 | |
| Level 8 | Untimely filed unsecured claims to which the debtor(s) has/have not objected. | $ -0- | |
| | Subtotal | | $55,772.73 |
| | Trustee Commission (Estimated at 8%) | $ 5,577.27 | |
| | Total | | $61,350.00 |

*If the above Levels are filled in, the rest of § 9 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

## 9. NONSTANDARD PLAN PROVISIONS

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

**A.** (i)  The **<u>second</u>** lien position mortgage of **PA Housing Finance Agency**, its successors, predecessors and assigns, hereinafter referred to as "Lender", is being avoided via this Plan.

(ii) Confirmation of this Plan shall constitute a finding that for purposes of this bankruptcy case and all matters relevant thereto the value of the real property known as **Lot 126, Section 8, Sierra View, Tunkhannock Township, Monroe County, aka 2534 Allegheny Drive, Blakeslee, PA 18610**, and the Deed for this property having been recorded with the Recorder of

9

Deeds in and for Monroe County, Pennsylvania at **Monroe County Deed Book Volume 2088, Page 7236**, hereinafter referred to as the "Property", is **$205,000.00**. Documentation verifying this value is or will be filed of record with this Court.

(iii) Upon confirmation of this Plan the entire balance owed to Lender shall be deemed a general unsecured claim without further Order of this Court, provided that:

(a) Lender's claim, upon the filing of a valid and timely Proof of Claim, shall be allowed as a non-priority general unsecured claim and may share in any distribution to general unsecured creditors.

(b) The avoidance of Lender's junior lien is contingent upon the Debtor's completion of the Chapter 13 Plan and receipt of a Chapter 13 Discharge.

(c) Upon receipt of the Debtors' Chapter 13 discharge and completion of Debtors' Chapter 13 Plan, Lender shall within a reasonable time arrange to have the second lien position mortgage marked "satisfied" with the Monroe County Recorder of Deeds'

(d) Lender shall retain its lien for the full amount due under the subject loan should the property be sold or should a refinance take place prior to the completion of the Chapter 13 Plan and entry of a Discharge.

(e) Lender shall retain its lien for the full amount due under the subject loan in the event of either the dismissal of the Debtor's Chapter 13 case or the conversion of the case to another Chapter under the United States Bankruptcy Code.

(f) In the event that any entity, including the holder of the first lien on the Property, forecloses on its security interest and extinguishes Lender's lien prior to the Debtor's completion of the Chapter 13 Plan and receipt of a Chapter 13 Discharge, Lender's lien shall attach to the surplus proceeds of the foreclosure sale for the full amount of the subject loan balance at the time of the sale.

(g) In the event that the property is destroyed or damaged, pursuant to the terms of the mortgage, Lender is entitled to its full rights as a loss payee with respect to the insurance proceeds and has a security interest in such proceeds up to the entire balance due on the mortgage.

(h) Each party shall bear their own attorneys' fees and costs incurred in this matter.

(iv) The Confirmation Order and Discharge Order may be filed with the Recorder of Deeds in and for Monroe County, Pennsylvania, which shall satisfy and avoid the mortgage held by Lender against the Property, as recorded at **Monroe County Record Book Volume 2133, Page 9027.**

**B. Co-Debtor is currently receiving Worker's Compensation benefits and understands that she must report any significant change in employment status and/or "New Income" to the Standing Chapter 13 Trustee. Co-debtor agrees that within 45 days of receiving New Income, she shall provide to the Standing Chapter 13 Trustee pay statements or other evidence of the amount of income she is receiving. Additionally, in the event of any such New Income, Debtor and Co-debtor agree to (i) file an Amended Schedule I with the Court and (ii) modify their Chapter 13 Plan as may be justified.**

**C.  This Plan adjusts Debtors Plan payments to account for continued and potentially permanent workers compensation income, and provide for funding of the Plan from the exempt portion of personal injury proceeds.  See Section 8.B. above.  Additionally, this Plan provides notice of such workers compensation claim and the potential for a related personal injury claim.**

Dated:<u>5/19/18</u>      <u>/s/ Vincent Rubino</u>
            VINCENT RUBINO, ESQ., Attorney for Debtors

            <u>/s/ McKinley Arrick</u>
            McKINLEY ARRICK, Debtor

            <u>/s/ Carolnette G. Arrick</u>
            CAROLNETTE G. ARRICK, Joint Debtor


By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.